UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSHUA R. I. COHEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br>    **Plaintiff**<br>v.<br><br>THE BRACHFELD LAW GROUP, A PROFESSIONAL CORPORATION<br>    **Defendant** | CASE NUMBER:<br><br>CLASS ACTION COMPLAINT<br><br><br><br><br><br>JUNE 11, 2010 |

## I. INTRODUCTION

1. The Plaintiff brings this suit on behalf of himself and all those similarly situated in Connecticut (the "Class"), against The Brachfeld Law Group, A Professional Corporation ("Brachfeld"), a law firm that engages in consumer debt collection. Plaintiff, on behalf of himself and the Class, alleges that Brachfeld, in connection with perhaps hundreds of debts, collected or attempted to collect such debts in the state of Connecticut without being licensed with the Connecticut Department of Banking as a consumer collection agency in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*

## II. PARTIES

2. The Plaintiff, Joshua R. I. Cohen ("Joshua Cohen"), is a natural person residing in Middletown, Connecticut.

3. Brachfeld is a law firm with a principal place of business in El Segundo, California.

### III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

5. Venue in this Court is proper, because the Plaintiff and the class members are residents of Connecticut, Brachfeld collects debts in Connecticut, and the violative conduct that is the subject of this litigation was conducted within this State.

### IV. PLAINTIFF'S ALLEGATIONS

6. Brachfeld is a consumer collection agency as that term is defined by Conn. Gen. Stat. § 36a-800(1) and it regularly collects consumer debt from individuals who reside within Connecticut.

7. Brachfeld has not obtained a license as a consumer collection agency with the Connecticut Department of Banking as required by Conn. Gen. Stat. § 36a-801(a).

8. Brachfeld called Plaintiff and attempted to collect a consumer debt on or about March 6, 8, 9, and 10, 2010.

### V. CLASS ALLEGATIONS

9. Paragraphs 6-8 are herein incorporated.

10. Plaintiff brings this action as a class action. The Class is comprised of individuals who are consumer debtors within the meaning of Conn. Gen. Stat. § 36a-800(2) from whom Brachfeld collected or attempted to collect a consumer debt by calling them or sending them a notice while they were Connecticut residents during a period in which Brachfeld did not have a license as a consumer collection agency with the Connecticut Department of Banking.

11. The proposed Class is so numerous that joinder of all members would be impracticable. Plaintiff is unable to state the precise number of potential Class members because that information is exclusively in the possession of Brachfeld and readily available through discovery. Plaintiff believes, and on that basis alleges, that the potential Class probably numbers several hundred or more.

12. There is a community of interest among the members of the proposed Class in that there are questions of law and fact common to the proposed Class that predominate over questions affecting only individual members. Specifically, the questions of whether Brachfeld's attempts to collect consumer debts within Connecticut violate the FDCPA and CUTPA predominate over any questions that apply only to individual class members.

13. Plaintiff's claim is typical of those of the Class he seeks to represent.

14. Plaintiff is represented by counsel competent and experienced in both consumer protection and class action litigation.

15. A class action is superior to other methods for the fair and efficient adjudication of the controversy. The prosecution of separate actions by the individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by individual class members, and could create incompatible standards of conduct for the Defendant. Moreover, because most class members are unaware of Brachfeld's violations, they are unlikely to bring an independent action, and a class action is the only way that Defendant's acts and omissions can be rectified.

## VI. <u>CAUSES OF ACTION</u>

### FIRST COUNT
### Class Claim for Violations of 15 U.S.C. §§ 1692e and f

16. Paragraphs 1-15 are incorporated.

17. This claim is asserted on behalf of all class members from whom Brachfeld collected or attempted to collect a debt during the period beginning one year prior to the commencement of this action.

18. Brachfeld's attempts to collect debts within Connecticut violate the FDCPA. Specifically, and without limitation, Brachfeld violated 15 U.S.C. § 1692e and 1692f by attempting to collect a debt without being properly licensed in Connecticut.

19. Pursuant to 15 U.S.C. § 1692k, Defendant is liable to the Plaintiff and the Class Members for their actual damages and additional damages as the court may allow.

### SECOND COUNT
### Class Claim for Violations of CUTPA Conn. Gen. Stat. § 42-110a *et seq.*

20. Paragraphs 1-18 are incorporated.

21. This claim is asserted on behalf of all class members from whom Brachfeld collected or attempted to collect a debt during the period beginning three years prior to the commencement of this action.

22. Brachfeld's attempts to collect a debt without being properly licensed violated CUTPA Conn. Gen. Stat. § 42-110a *et seq.*

23. Defendant's unlicensed collection activity as described above was unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers, especially Plaintiff and the Class.

24. Plaintiff and the Class suffered an ascertainable loss as a result of the Defendant's aforementioned actions.

25. Defendant violated CUTPA and is liable to Plaintiff and the Class for their monetary damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

26. Plaintiff further seeks injunctive relief in the form of an order restraining Brachfeld from collecting consumer debts within Connecticut until such time as it has obtained the required license.

WHEREFORE, the Plaintiff seeks recovery of monetary damages; statutory damages; costs and attorney's fees pursuant to 15 U.S.C. § 1692k; actual damages, attorney's fees and costs, punitive damages, and injunctive relief pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFF, JOSHUA R. I. COHEN**,
Individually, And On Behalf Of the Class,

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Road
Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457